UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAUL MORALES CHAVEZ                )                                  | CASE NO. 4:25-cv-2061 |
|                                                                )                                  | |
|               Petitioner,               )                                  | CHIEF JUDGE SARA LIOI |
|                                                                )                                  | |
| vs.                                                       )                                  | |
|                                                                )                                  | **MEMORANDUM OPINION** |
|                                                                )                                  | **AND ORDER** |
| DIRECTOR OF DETROIT FIELD  )                                  | |
| OFFICE, *et al.*,                               )                                  | |
|                                                                )                                  | |
|               Respondents.          )                                  | |

Before the Court is the motion for extension of time (Doc. No. 15 (Motion)) filed by respondents Kevin Raycraft, Acting Director of the Detroit Field Office, U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, the "government" or "respondents"). For the reasons stated below, the motion is GRANTED.

**I.        BACKGROUND**

On November 14, 2025, the Court issued a memorandum opinion and order adopting Magistrate Judge Reuben J. Sheperd's report and recommendation granting petitioner Saul Morales Chavez's petition under 28 U.S.C. § 2241. (Doc. No. 13 (Memorandum Opinion and Order).) The Court entered judgement in Chavez's favor that same day. (Doc. No. 14 (Judgement Entry).) Under Fed. R. App. P. 4(a)(1)(B), the deadline for the government to file a notice of appeal was January 13, 2026. The government failed to meet that deadline. Instead, on January 14, 2026,

the government filed the present motion requesting an extension of time to file a notice of appeal, explaining the delay was caused by a failure to properly calendar the deadline. (Doc. No. 15, at 2.)

## II. LAW AND DISCUSSION

Under Rule 6(b)(1)(B), the Court may extend an expired deadline for good cause shown "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts weigh five factors in determining excusable neglect: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)).

Here, the third and fourth factors weigh against the government. The delay was caused by counsel's own failure to properly calendar applicable deadlines. The delay was entirely in counsel's control. The Sixth Circuit indicates that the failure of counsel to calendar deadlines will typically not constitute excusable neglect. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009) (the failure to calendar a deadline is "inadvertence" which "'do[es] not usually constitute' excusable neglect." (quoting *Pioneer*, 507 U.S. at 392)). The government's provided reason for the delay and the government's control over this delay thus weigh against a finding of excusable neglect.

Nonetheless, the Sixth Circuit indicates that the failure to properly calendar a deadline may be excusable neglect if accompanied by a lack of prejudice to the opposing party, a lack of prejudice to court efficiency, and good faith by counsel (i.e., if the first, second, and fifth excusable

neglect factors weigh in movant's favor). *Id.* (citing *Pioneer*, 507 U.S. at 397–98). That appears to be the case here.

As to the first and second factors, the government moved for an extension the day after its filing deadline and only seeks an extra month. This short delay and relatively short extension will likely not prejudice Chavez nor the efficiency of judicial proceedings. *See Grove v. Ohio Dep't of Rehab. & Correction*, No. 2:18-cv-1492, 2019 WL 13366890, at *1 (S.D. Ohio July 22, 2019) (delay of three days did not prejudice opposing party or administration of justice); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (delay of two months did not prejudice opposing party or court). As to the fifth factor, the government's quick filing of the motion indicates good faith. *See Grove*, 2019 WL 13366890, at *2 (quick filing of motion for leave considered indicative of good faith). Thus, consideration of the potential prejudice to Chavez, the length of the delay and its impact on the proceedings, and whether the government acted in good faith weigh in favor of a finding of excusable neglect.

As other courts within the Sixth Circuit found in similar situations, the Court finds that the government's failure to file a notice of appeal by the applicable deadline was the result of excusable neglect. *See e.g., Ashworth v. Athens Cnty., Ohio*, No. 2:06-cv-91, 2007 WL 9728509, at *3 (S.D. Ohio Dec. 7, 2007); *Grove*, 2019 WL 13366890, at *2; *Matter of Smithland Towing & Constr., LLC*, No. 5:18-cv-113, 2019 WL 2517583, at *2 (W.D. Ky. June 17, 2019). The Court further finds that, considering the diligence with which the government moved for its extension and the lack of prejudice to Chavez, good cause exists to grant the requested extension. *See United States v. $21,495 in United States Currency*, No. 5:22-cv-71, 2022 WL 1553523, at *2 (E.D. Ky. May 17, 2022) (finding good cause and excusable neglect where counsel diligently moved for

extension upon discovery of calendar error and there was no indication of bad faith or prejudice to nonmovant).

### III. CONCLUSION

For the reasons stated above, the respondents' motion for an extension of time (Doc. No. 15) is GRANTED. The respondents will have until February 12, 2026, to file a notice of appeal.

**IT IS SO ORDERED**.

Dated: January 16, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**